IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RAMAH CROWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-0423-MJR-PMF |
| | ) | |
| LA PETITE ACADEMY, INC., | ) | |
| and HEATHER SALLAY, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, Chief Judge:

On March 6, 2015, Ramah Crowell filed a retaliatory discharge lawsuit in the Circuit Court of St. Clair County, Illinois naming two Defendants -- (1) her former employer, La Petite Academy, Inc. ("LPA"); and (2) her former supervisor, LPA's District Manager, Heather Sallay.  The complaint alleges that LPA fired Crowell after she discovered and reported that LPA was violating federal and state laws (by, inter alia, disposing of sensitive records in an unsecured dumpster), that Crowell's termination was based solely on her reporting this activity, that her termination violated Illinois public policy, and that Sallay "participated in the discussion to terminate Plaintiff from her employment … and willfully terminated her for reasons that were in direct violation of Illinois Public Policy" (Complaint, Doc. 1-2, p. 15).

Served on March 30, 2015, Defendant LPA removed the case to this Court, where it was randomly assigned to the undersigned, who now undertakes threshold jurisdictional review.  Defendant Sallay consented to LPA's removal (*see* Doc. 1, p. 1;

Doc. 2). The removal notice invokes subject matter jurisdiction lies under the federal diversity statute (28 U.S.C. 1332), which confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 (exclusive of interest and costs), and the action is between citizens of different states.

The amount in controversy appears to suffice here. If the plaintiff's complaint demands monetary relief of a stated amount, as long as that amount was asserted in good faith, it is deemed to be the amount in controversy. ***Dart Cherokee Basin Operating Co., LLC v. Owens,* -- U.S. --, 135 S. Ct. 547, 551 (2014);** *Mt. Healthy City Board of Education v. Doyle,* **429 U.S. 274, 276 (1977).** In *Carroll v. Stryker Corp.,* **658 F.3d 675, 780-81 (7th Cir. 2011)**, the Seventh Circuit clarified the proper approach to determining whether the amount-in-controversy requirement has been satisfied. The party seeking the federal forum bears the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied. Once the party makes that showing, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." ***Id.,* citing** *Oshana v. Coca-Cola Co.,* **472 F.3d 506, 611 (7th Cir. 2006), and** *Back Doctors Ltd. v. Metro. Prop. and Cas. Co., Inc.,* **637 F.3d 827, 830 (7th Cir. 2011).**

Here, Plaintiff (as is the practice in Illinois state court) has not specifically quantified her damages but seeks "damages in an amount in excess of $50,000), and Illinois law permits a prevailing plaintiff in a retaliatory discharge case to recover not only compensatory damages (e.g., lost back pay, lost front pay, the value of lost

benefits, damages for emotional distress, etc.) but also punitive damages.  Thus the amount in controversy appears to suffice.

The issue here is whether the parties are completely diverse.  The named parties, in fact, are not.  Plaintiff is an Illinois citizen.  Defendant LPA is a citizen of Delaware (incorporated there) and Michigan (maintaining its principal place of business there).  But Defendant Sallay – like Plaintiff – is an Illinois citizen.  That means that the parties are not fully diverse, and jurisdiction does not lie under Section 1332, *unless* Sallay was fraudulently joined - which is precisely what Defendant LPA contends.

As further discussed below, a removing defendant must clear a high hurdle to demonstrate fraudulent joinder.  In ***Schwartz v. State Farm Mutual Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)**, the United States Court of Appeals for the Seventh Circuit explained that although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant *solely* to defeat diversity jurisdiction.   "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'"  ***Id., quoting Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).**

The Seventh Circuit reiterated this principle in ***Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013):**

> Under the fraudulent joinder doctrine …, an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has "no chance of success." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992); *see also Walton v. Bayer Corp.*, 643 F.3d 994 (7th Cir. 2011); *Schur v. L.A. Weight Loss*

*Centers, Inc.,* 577 F.3d 752 (7th Cir. 2009); *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875 (7th Cir. 1999); *Gottlieb v. Westin Hotel Company,* 990 F.2d 323 (7th Cir. 1993). The doctrine is designed to "strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove."[1]

Demonstrating fraudulent joinder in federal court is not easy.   To establish fraudulent joinder, the removing defendant must show that, *after resolving all issues of fact **and law** in favor of the plaintiff*, the plaintiff cannot establish any cause of action against the in-state defendant.  *Morris,* **718 F.3d at 666**, *citing Poulos,* **959 F.2d at 73.**

If the removing defendant can meet this "heavy burden," … the federal district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur,* 577 F.3d at 763. Because the district court may "disregard" the nondiverse defendant, we have described the fraudulent joinder doctrine as an "exception" to the requirement of complete diversity. *See Walton,* 643 F.3d at 999.

*Morris*, **718 F.3d at 666.**[2]

---

[1]     In *Morris,* **718 F3d at 665,** the Court further declared: "A defendant removing a case on diversity grounds must not only demonstrate that the case satisfies the requirements of 28 U.S.C. § 1332(a), but must also clear the 'additional hurdle' of 28 U.S.C. § 1441(b)(2), or the 'forum defendant rule.' ***Hurley v. Motor Coach Industries, Inc.,* 222 F.3d 377, 378 (7th Cir. 2000).**" That rule (nonjurisdictional in nature) provides that a civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) may not be removed if any party "properly joined and served" as defendants is a citizen of the state in which the action is brought.  *Id.*

[2]     An alternative test for fraudulent joinder looks for outright fraud in plaintiff's pleading of jurisdictional facts.  ***Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993).**

In the case at bar, the question is whether, after resolving all factual and legal issues in Plaintiff's favor, Plaintiff can establish any cause of action against Defendant Sallay (i.e., whether there exists "no reasonable possibility" that a state court would rule against Sallay on Plaintiff's claims).  Defendants (both represented by the same counsel) have articulated their position – Illinois law allows a retaliatory discharge action only against an employer, not against individual agents or employees -- in the removal notice.   The Court **DIRECTS** Plaintiff to file a "Jurisdictional Memorandum" addressing the fraudulent joinder issue by <u>May 15, 2015</u>.[3]   Defendants may file a 3-page reply brief no later than <u>May 29, 2015</u>.

If the undersigned determines that Sallay *was* fraudulently joined (i.e., diversity is complete and subject matter jurisdiction lies), the case will be tracked and assigned a firm trial date, which will trigger the entry of a Scheduling Order by Magistrate Judge Frazier.  If the undersigned determines that Sallay was *not* fraudulently joined (i.e., federal subject matter jurisdiction is lacking), remand or dismissal for lack of subject matter jurisdiction will be in order.

IT IS SO ORDERED.

DATED April 24, 2015.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

---

[3]     The Jurisdictional Memorandum deadline does *not* toll the deadline for filing a remand motion on any other ground.  ***See, e.g.,* 28 U.S.C. 1447(c) (a motion to remand based on procedural defects, i.e., defects other than lack of subject matter jurisdiction, must be made within 30 days of filing of removal notice).**